[Cite as *In re I.M.*, 2013-Ohio-5549.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In re: I.M., | : | |
| Minor Child. | : | Nos. 13AP-468 |
| | | 13AP-470 |
| | : | and 13AP-476 |
| | | (C.P.C. No. 09JU-10009) |
| | : | |
| | | (REGULAR CALENDAR) |
| | : | |

D E C I S I O N

Rendered on December 17, 2013

*Rosemary Foster; Dominic Campbell*; and *Tara James,* pro se-appellants.

*Thomas Taneff* and *Kate O. Vidovich*, for appellees.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

TYACK, J.

{¶ 1} Rosemary Foster, Dominic D. Campbell and Tara James are appealing from the ruling of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch which granted custody of I.M., age four, to the foster parents who had cared for I.M. almost her whole life. Six errors are presented for our consideration:

> [I.] The Appellant Rosemary Foster received ineffective assistance of counsel.
>
> [II.] The trial court did error in relying upon the testimony of Dr. David Tennenbaum.
>
> [III.] The trial court award of custody to Appellees Daryl and Karen Miller was against the Manifest Weight of Evidence.
> [IV.] The trial court did error in finding the relationship and bond between I.M. and Rosemary Foster is that of a friendly child to friendly adult.

[V.] The trial court did error in finding Rosemary Foster was ordered to do a psychological examination by Dr. Tennenbaum.

[VI.] The Trial court did error in not addressing the residual rights of the parents D.C. and P.M.

(Sic passim.)

{¶ 2}   I.M. was born July 6, 2009 to a drug-addicted mother.  The mother tested positive for cocaine and marijuana at the time of I.M.'s birth.  I.M. herself tested positive for marijuana.  In less than three weeks, a temporary order of custody was granted to Franklin County Children Services ("FCCS").  The child has been in the custody of FCCS ever since.

{¶ 3}   Before the child had reached her first birthday, FCCS had filed for permanent custody for the first time.  That motion and a subsequent motion for permanent custody were withdrawn when the foster parents caring for the child filed a motion requesting legal custody of the child.

{¶ 4}   When the child was one and one-half years old, genetic testing showed that I.M. was the biological child of Dominic Campbell.  Dominic Campbell was incarcerated at Belmont Correctional Institution as of the date the brief on his behalf was filed.

{¶ 5}   Campbell's mother filed a motion requesting legal custody of I.M.  His paternal great aunt also filed such a motion.

{¶ 6}   The trial court granted legal custody of I.M. to the foster parents who had been caring for the child for over three years.

{¶ 7}   Dominic Campbell's family has a long history with the criminal justice system and the mental health system.  Dominic himself is part way through a nine year sentence of incarceration as a result of a conviction for aggravated robbery.  He cannot function as the parent of a four year old any time in the foreseeable future.

{¶ 8}   Rosemary Foster, Dominic's mother, presides over a chaotic household.  An adult child lives with her who suffers a wide range of mental health issues, including Bipolar Disorder.  I.M., who has emerged from cocaine addiction caused by her mother, cannot be cared for properly in such a chaotic environment.

{¶ 9}   Tara James had no history with I.M. before filing to request legal custody. James has her own mental health issues.  Her household also does not provide the desired stability for I.M.

{¶ 10}  The first assignment of error asserts basically that Rosemary Foster did not get custody of I.M. because Rosemary's attorney did not do a good enough job representing her.  The record before us provides no support for this allegation.

{¶ 11}  The trial court awarded custody of I.M. to her foster parents pursuant to R.C. 2151.353(A)(3), which states:

> If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:
>
> (3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings.

{¶ 12}  "In making custody determination[s], the juvenile court must consider the best interest of the child." *In the Matter of A.V.*, 10th Dist. No. 05AP-789, 2006-Ohio-3149, ¶ 12, citing *In re Rowe* at ¶ 8; *In the Matter of Bradford,* 10th Dist. No. 01AP-1151, 2002-Ohio-4013, ¶ 29.  The trial court considered I.M.'s best interest in applying the criteria set forth in R.C. 3109.04(F)(1) and (2).  The trial court did not abuse its discretion in applying this criteria to the facts of this case. Thus, we find no error.

{¶ 13}  The first assignment of error is overruled.

{¶ 14}  The second assignment of error attacks the testimony of the psychologist who testified at length about the mental health issues and diagnoses in the extended family of Dominic Campbell.  The testimony was highly damaging to the family's attempt to gain custody of the child.  The testimony was highly damaging because of the facts upon which the psychologist's testimony relied.  The trial court did not err in considering the testimony or in relying on it when deciding that the foster family who has cared for I.M. for over three years provided a better home for the child.  The best interests of the child are best protected by the stability their home provides, especially given the extensive bonding the child has with the foster parents.

{¶ 15} The second assignment of error is overruled.

{¶ 16} The third assignment of error argues that the evidence presented in the trial court did not support the trial court's ruling. As even the brief recap of the evidence set forth above clearly indicates, the trial court made the ruling by which was supported by the evidence.

{¶ 17} The third assignment of error is overruled.

{¶ 18} I.M. is clearly bonded to the family which has raised her for over three years. Rosemary Foster does not have the same attachment to the child. Whether the relationship is friendly adult to friendly child or not is not the determinative issue. The trial court awarded custody to a stable family with adults to whom I.M. is firmly bonded.

{¶ 19} The fourth assignment of error is overruled.

{¶ 20} Whether Rosemary Foster was or was not ordered to undergo a psychological examination is not a significant issue. The court's award of legal custody was not based upon the presence or absence of such an order. This issue does not constitute reversible error.

{¶ 21} The fifth assignment of error is overruled.

{¶ 22} The court order before us is not a grant of permanent custody. It did not extinguish the rights of the biological father and mother. The trial court addressed the issues before it, namely legal custody. Other rights are part of the statutes and case law in Ohio and were not directly affected.

{¶ 23} The sixth assignment of error is overruled.

{¶ 24} All six assignments of error having been overruled, the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.

*Judgment affirmed.*

DORRIAN and McCORMAC, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under the authority of Ohio Constitution, Article IV, Section 6(C).

_____